924 So.2d 255 (2006)
Toni A. MILLICAN, Phyllis Lewis, Wife of/and C. Robert Lewis
v.
RIVER ROAD CONSTRUCTION, INC., Circle, Inc., Brown, Cunningham & Gannuch, Inc. and Parish of Jefferson.
No. 05-CA-485.
Court of Appeal of Louisiana, Fifth Circuit.
February 3, 2006.
Dan A. Robin, Jr., Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Christopher K. Tankersley, Scott O. Gaspard, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SAM A. LeBLANC, III, Pro Tempore.
SAM A. LeBLANC, III, Judge Pro Tempore.
Plaintiffs, Toni Millican, Phyllis Lewis and Robert Lewis, appeal a judgment of the trial court that granted a defense motion *256 for summary judgment. For reasons that follow, we affirm.
Plaintiffs are neighbors on Kawanee Street in Metairie. They filed this action to recover damage to their homes as a result of construction work done in 1999 on the Suburban Canal Project. Plaintiffs named River Road Construction, Inc., and Circle, Inc., contractors on the project, Brown, Cunningham & Gannuch, Inc., designers of the project, and the Parish of Jefferson as defendants. In the original petition, plaintiffs allege damages to their homes as a result of pile-driving, an ultra-hazardous activity subject to strict and absolute liability. In addition, plaintiffs allege acts of negligence in design and in construction. In a supplemental and amending petition plaintiffs added Consolidated Drainage District No. 2 of the Parish of Jefferson as an additional defendant.
All defendants filed separate motions for summary judgment. The summary judgment motion filed by Jefferson Parish and the Consolidated Drainage District No. 2 sought, in the alternative, a motion for partial summary judgment on the issue of absolute liability for ultra-hazardous activity of pile-driving. The Parish also filed a motion to strike the testimony of plaintiffs' expert, Ronald P. Cressy. After discovery, plaintiffs voluntarily dismissed Brown, Cunningham & Gannuch, Inc. from the suit.
The trial court heard the motion for summary judgment and the alternative motion for partial summary judgment, and motion to strike the testimony of Ronald Cressy filed by the Parish. A judgment was rendered granting the summary judgment and declaring the motion to strike moot. It is from that ruling that plaintiffs appeal.
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966(B). Generally, the party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, it is not necessary to refute every element of the claim. In that case, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. C.C.P. art. 966(C)(2). Then, the burden shifts to the adverse party to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial. Id.
Our inquiry is whether a genuine issue of material fact remains to be decided. If not, is the Parish entitled to summary judgment by law. A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Lee v. Delta Air Lines, Inc., 00-1034 (La.App. 5 Cir. 1/30/01), 778 So.2d 1169. It is well settled that our review of summary judgments is to be done de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Kinchen v. Dabdoub Sell Cars, Inc., 05-218 (La.App. 5 Cir. 10/6/05), 912 So.2d 715.
Plaintiffs assert claims of negligence and absolute and strict liability under La. Civil Code Art. 667 as a result of pile driving, an ultra-hazardous activity, as the cause of their property damage. The only substantive evidence submitted by plaintiffs of a causal link between these construction activities and their damages came through their expert engineer Mr. Ronald P. Cressy. In a deposition, and later in an affidavit in opposition to the motion for summary judgment, he testified that the damage to plaintiffs' homes could, *257 in his opinion, have come from either vibrations from pile driving or truck movement and/or subsidence stemming from the dewatering of the canal which was necessary as a precondition to the canal widening and improvement project. We will address the Art. 667 argument first as it relates to the vibrations issue.
The only evidence on pile-driving activities in the record indicates that sheet piles were used rather than the broad based pilings typical of some construction jobs. The Louisiana Supreme Court in Suire v. Lafayette City-Parish Government et al., 04-1459, 04-1460 (La.4/12/05), 907 So.2d 37, has determined as a matter of law that the installation of sheeting is not the "pile driving" necessary to incur liability under Art. 667. See also this Circuit's decision in Vicknair v. Boh Bros. Construction Co., XXXX-XXXX (La.App. 5th Cir.3/30/04), 871 So.2d 514. Therefore, the district court properly granted a summary judgment on the issue of strict and absolute liability under Art. 667.
Even if the claims of vibration from other construction activities, such as truck movement, were considered in the context of the negligence claims, plaintiffs failed to countervail the evidence submitted by movers on the summary judgment motion. The Parish/Drainage district submitted sworn testimony of two expert engineers retained by co-defendant River Road Construction Co., Messrs. Charles Hedges and Leonard Quick. Based on their study of the vibration monitoring data as well as inspection of plaintiffs' properties, they testified that the vibration did not cause the damage. The only thing offered in opposition by the plaintiffs on this point was the testimony of Mr. Cressy who did no studies or investigation other than a one-time visit to plaintiffs' property and said that it was possible that the damage came from vibrations. And, even if they did, he could not say whether they came from the pile driving or truck movement.
With regard to the other claims of negligence against the Parish and the District, plaintiffs' expert Mr. Cressy testified that he thought that damage to the homes was caused by subsidence as a result of the dewatering of the canal. He stated that the dewatering was necessary for the canal project, that with dewatering there will always be subsidence and that the subsidence dissipates as one moves away from the project site. Moreover, he also testified that there is a recognized methodology to measure the effects of subsidence caused by dewatering. This methodology includes measurement of the water level before dewatering, soil borings in the area to determine differences of soil, permeability studies, piezometric readings and knowledge of the elevation of the water during construction. He did none of these things; he did not even measure the distance between plaintiffs' homes and the project site.
In a supplemental note of evidence movers filed the sworn testimony of the two engineering experts, Hedges and Quick. Those experts did employ the methodology recognized by Mr. Cressy. They took measurements, reviewed project data, looked at the piezometric results, and specifically determined that the plaintiffs' homes were outside of the "zone of influence" of any subsidence which may have occurred due to the dewatering.
Based on a review of the record we find that the moving parties, the Parish and the District, put into the record evidence, in accordance with Art. 966(C)(2), which supports the case that plaintiffs had an absence of factual proof to support an essential element in its case: the causal link between the construction activities and their damage. Thus the issue is whether the plaintiffs have carried their burden of *258 producing factual support sufficient to show that they will be able to meet their evidentiary burden at trial. This is not a question of credibility. Nothing in the record indicates Mr. Cressy (or anyone else) is not credible. The issue is whether Mr. Cressy's "opinion" is sufficient, without more, to create a "genuine" issue of material fact. After a complete review of the record, we think not.
AFFIRMED.
CANNELLA, J., DISSENTS WITH REASONS.
CANNELLA, J., DISSENTS WITH REASONS.
Where, as here, both the Plaintiffs and the Defendants presented contrary expert opinion as to the cause of the Plaintiffs' damages, there are material issues of fact that preclude summary judgment. Any issues regarding the methodology of the Plaintiffs' expert in arriving at his conclusions should be addressed under the Defendants' Daubert objection prior to a ruling on summary judgment.