CALLOWAY, J.
I {¡Plaintiffs, Debra S. Williams and John M. Williams, Sr., appeal a judgment rendered by the trial court granting summary judgment on behalf of defendants, Liberty Mutual Fire Insurance Company (Liberty Mutual) and Walk-On’s Bistreaux & Bar Burbank, LLC (Walk-On’s) (collectively, defendants), and dismissing all claims. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiffs filed suit against defendants for personal injury damages and loss of consortium as a result of a trip-and-fall accident, which Ms. Williams sustained on or about July 9, 2013, at Walk-On’s, a restaurant located on Burbank Drive in Baton Rouge, Louisiana. On that date, at approximately 8:00 p.m., Ms. Williams was exiting the restaurant when she fell from the curb to the parking lot below, sustaining several injuries. Plaintiffs sued both Walk-On’s and its liability carrier, Liberty Mutual for damages.
Defendants filed a motion for summary judgment on November 19, 2015, claiming that the curb, sidewalk, and parking lot did not pose an unreasonably dangerous condition and that any condition of the area was open and obvious. After a hearing, the trial court granted the summary judgment and dismissed all claims against the defendants. It is from this judgment that plaintiffs appeal.
ERRORS
In three assignments of error, plaintiffs essentially claim that the trial court erred in finding that the expert affidavit they offered in opposition to the motion for summary judgment was insufficient evidence of a defective condition of the sidewalk/curb/parking lot and in finding that the condition of the sidewalk/curb/parking lot was open and obvious.
|aLAW AND DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).[2] The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. See La. C.C.P. art. 966(A)(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 2013-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
*424 The burden of proof is on the mover. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. See La. C.C.P. art. 966(C)(2); Bufkin v. Felipe’s Louisiana, LLC, 2014-0288 (La. 10/16/14), 171 So.3d 851, 854.
With regard to merchants, La. R.S. 9:2800.6, provides in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the 14burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
A merchant owes a duty to persons using his property to keep such property in a reasonably safe condition. La. R.S. 9:2800.6(A). The absence of an unreasonably dangerous condition of the thing implies the absence of a duty on the part of the defendant. Oster v. Dep’t of Transp. & Dev., State of La., 582 So.2d 1285, 1288 (La. 1991).
In order to prove that a merchant is liable for damages sustained as a result of a fall due to a condition that existed in or on the merchant’s premises, a plaintiff must prove by a preponderance of the evidence through, either, direct or circumstantial evidence: (1) the existence of a condition that presented an unreasonable risk of harm which was reasonably foreseeable; (2) the merchant’s actual or constructive notice of the condition; and (3) the merchant’s failure to exercise reasonable care. Dupas v. Travelers Prop. Cas. Ins. Co., 2000-12 (La.App. 3 Cir. 5/3/00), 762 So.2d 127, 129, writ denied, 2000-1541 (La. 6/30/00), 766 So.2d 548. Failure to prove any one of the foregoing requirements is fatal to a plaintiffs case. See Moore v. Murphy Oil USA, Inc., 2015-0096 (La.App. 1 Cir. 12/23/15), 186 So.3d 135, 145, writ denied, 2016-00444 (La. 5/20/16), 191 So.3d 1066.
A hazardous condition is one that creates an unreasonable risk of harm to customers under the circumstances. Pena v. Delchamps, Inc., 2006-0364 (LaApp. 1 Cir. 3/28/07), 960 So.2d 988, 991, writ denied, 2007-0875 (La. 6/22/07), 959 So.2d 498. Merchants are not insurers of their patrons’ safety, and a customer is under a duty to use ordinary care to avoid injury. Cusimano v. Wal-Mart Stores, Inc., 2004-0248 (La.App. 1 Cir. 2/11/05), 906 So.2d 484, 488. A merchant is not absolutely liable every time an accident happens. Leonard v. Wal-Mart Stores, Inc., 97-2154 (La.App. 1 Cir. 11/6/98), 721 So.2d 1059, 1061.
*425 There is no fixed rule for determining whether a defect in a sidewalk is unreasonably dangerous. See Temple v. Morgan, 2015-1159 (La. 1 App. Cir. 6/3/16), 196 So.3d 71, 77, writ denied, 2016-1255 (La. 10/28/16), 208 So.3d 889.
In determining whether a condition is unreasonably dangerous, courts have adopted a four-part risk-utility balancing test. This test requires consideration of:
(1) the utility of the complained-of condition;
(2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition;
(3) the cost of preventing the harm; and
(4) the nature of the plaintiffs activities in terms of its social utility or whether it is dangerous by nature.
Hutchinson v. Knights of Columbus, Council No. 5747, 2003-1533 (La. 2/20/04), 866 So.2d 228, 235. Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others. Reed v. Wal-Mart Stores, Inc., 97-1174 (La. 3/4/98), 708 So.2d 362, 365.
The second prong of the risk-utility balancing test focuses on whether the defective condition is obvious and apparent, or as it has come to be commonly known, “open and obvious.” Generally, a defendant does not have a duty to protect against an open and obvious hazard. Broussard v. State ex rel. Office of State Bldgs., 2012-1238 (La. 4/5/13), 113 So.3d 175, 184; Pitre v. Louisiana Tech Univ., 95-1466 (La. 5/10/96), 673 So.2d 585, 591, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996). In order for a defect to be considered open and obvious, the danger created by that defect must be apparent to all, i.e., everyone who may potentially encounter it. Broussard, 113 So.3d at 184, 192; Caserta v. Wal-Mart Stores, Inc., 2012-0853 (La. 6/22/12), 90 So.3d 1042, 1043 (per curiam).
Following Broussard, an issue arose as to whether the trial court could determine the “open and obvious” issue by summary judgment.[3] In later opinions, the supreme court clarified its position beginning with Bufkin, 171 So.3d at 859 n.3, stating that the opinion in Broussard “should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous.”
Bufkin was soon followed by three more supreme court decisions granting summary judgments where the alleged defects were open and obvious. See Rodriguez v. Dolgencorp, LLC, 2014-1725 (La. 11/14/14), 152 So.3d 871, 872 (per curiam) (shopping cart that patron tripped over was open and obvious); Allen v. Lockwood, 2014-1724 (La. 2/13/15), 156 So.3d 650, 653 (per curiam ) (unpaved grassy parking area where accident occurred was open and apparent); Ludlow v. Crescent City Connection Marine Division, 2015-1808 (La. 11/16/15), 184 So.3d 21 (per curiam) (any danger presented by a concrete barrier on a vehicle ramp was “obvious and apparent to anyone who might potentially encounter it”).
In the absence of any material issues of fact, a court may determine by summary judgment that a defect is open and obvious and, therefore, does not present an unreasonable risk of harm. Temple, 196 So.3d at 78.
The trial court had to decide if there was a genuine issue of material fact *426 as to whether the complained-of condition, here the curb, sidewalk and parking lot, created an unreasonable risk of harm. Summary judgment is proper when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous. Moore, 186 So.3d at 146-48.
17The evidence presented by defendants established that Ms. Williams fell from the curb after exiting Walk-On’s, while walking and talking with a group of people. Ms. Williams arrived at the restaurant as a passenger in a car driven by her son, and he parked in a handicapped spot. To enter the restaurant, she used one of the available handicapped ramps. The handicapped ramp was painted blue. Upon leaving the restaurant, Ms. Williams started walking and stated that she did not know there was a “step down or drop down.” She did not use the handicapped ramp to return to her car, but stated that she went diagonally or at an angle and stepped off the curb. The evidence also contained several photographs showing the exact area of the curb from which Ms. Williams fell.
After noting the evidence presented by Ms. Williams and reviewing the photographs, the trial court noted that “[i]t’s just a basic curb,” After a de novo review of the record, we conclude that the defendant’s evidence was sufficient to shift the burden of proof to plaintiffs to come forward with evidence to demonstrate that they would be able to meet their burden of proof at trial. See La, C.C.P. art. 966 (C)(2); Allen, 156 So.3d at 653.
In opposition to the motion for summary judgment, plaintiffs submitted an affidavit of Ladd P. Ehlinger, a forensic architect. Mr. Ehlinger’s affidavit incorporates a preliminary report that he had prepared. He states that “a lack of warning signs, a change of texture, and/or a change of color between the sidewalk ... and the parking lot surface, in addition to the uneven paving surface at the bottom of the curb (landing) constitute substandard and hazardous premises, which violate seven different safety codes which are mentioned on page 3 of my report.” Mr. Ehlinger also makes the conclusory statement that the one^-step condition and uneven paving surface of the curb presented a hazard and unreasonable risk of harm, which caused Ms. Williams’s fall and injury.
| sMr. Ehlinger noted in his preliminary report that he had not visited the site of Ms. Williams’s fall but had viewed photographs. He indicated that the curb had no warning signs or contrasting paint color or any other type of warning. Mr. Ehlinger also discusses the ponding of water, although there is no allegation that water had anything to do with Ms. Williams’s fall Mr. Ehlinger admits he did not know when the building at issue was built, and then refers to numerous safety codes.
The trial court noted that Mr. Ehlinger’s report was conclusory with little or no factual support. We also recognize that even though Mr. Ehlinger refers to many different safety codes, he does not say how the curb or parking lot at issue violated any of those codes, if those codes are applicable to this building, or even the height of this curb. As the trial court remarked, the report refers to building codes for stairs, handrails, and pooling of water, but has no information pertaining to curbs, the condition at issue in this case. An expert’s opinion that is conclusory, largely irrelevant to the alleged defect he has been asked to consider, and which is based on little or no factual support does not create a genuine issue of material fact. See Millican v. River Road Const., Inc., 2005-485 (La. App. 5 Cir. 2/3/06), 924 So.2d 255, 257-58; Marrogi v. Gerber, 2000-1091 (La. App. 4 Cir. 5/16/01), 787 So.2d 1098, 1108.
*427 Therefore, we must agree with the trial court that plaintiffs did not produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden at trial. An accident, alone, does not support the imposition of liability, particularly considering the normal hazards pedestrians face while traversing sidewalks and parking lots in this state. Williams v. Leonard Chabert Medical Center, 98-1029 (La.App. 1 Cir. 9/26/99), 744 So.2d 206, 211, writ denied, 2000-0011 (La. 2/18/00), 754 So.2d 974.
|aA pedestrian has a duty to see what should be seen and is bound to observe his course to see if his pathway is clear. Bufkin, 171 So.3d at 855. As stated in Williams:
[W]e do not live in a perfect world. We cannot impose a duty on a landowner to have perfectly flawless premises. Sidewalks and parking lots are not always level, and individuals must assume some responsibility for their own safety. Everyday life presents risks which must be encountered and negotiated.
Williams, 744 So.2d at 211.
Furthermore, plaintiffs point to no law that requires a merchant to mark and paint all curbs. Plaintiffs rely on Calcagno v. Kuebel, Fuchs P’ship, 2001-691 (La.App. 5 Cir. 11/14/01), 802 So.2d 746, where the plaintiff fell from a curb that had been painted bright red two years prior to the accident. At the time of the accident, the curb had faded to a light pinkish, gray color that created an optical illusion, making it difficult to see exactly where the curb was. Id. at 751. The court affirmed the jury decision that the curb was unreasonably dangerous.
The facts of Calcagno are distinguishable from the present case where there is no allegation, or evidence, of any optical illusion or any other reason that Ms. Williams was unable to see the curb. In Labit v. Palms Casino & Truck Stop, Inc., 2011-1552 (La.App. 4 Cir. 5/9/12), 91 So.3d 540, 546, writ denied, 2012-1310 (La. 9/28/12), 98 So.3d 843, the court affirmed summary judgment for the defendant, finding that an unpainted wheel stop did not create an unreasonable risk of harm. The defendant’s expert attested that there was no building code or other Louisiana requirement that required wheel stops to be painted. Id. at 545. The Labit court also cited Doane v. Wal-Mart Discount Stores, Inc., 96-2716 (La.App. 4 Cir. 6/25/97), 697 So.2d 309, 311, writ denied, 97-1852 (La. 10/17/97), 701 So.2d 1328 (summary judgment was appropriate where (1) there was no testimony in the record, lay, or expert, that painting speed bumps the same color as stripes, creates an unreasonable risk of harm; and (2) the plaintiff offered no design ImStandards or studies to prove her theory that the use of the same color on the speed bump was unreasonably dangerous).
In Trice v. Isaac, 99-839 (La.App. 5 Cir. 2/16/00), 759 So.2d 843, writ denied, 2000-1113 (La. 6/2/00), 763 So.2d 600, the court affirmed a judgment in favor of the defendant and held that elevation changes between a parking lot and walkway did not create an unreasonable risk of harm. The plaintiff argued that since there was no differentiation in color or texture, he was unable to see the potential hazard. The court found that the photographs showed an elevated walkway, which although made of the same material as the parking area, was clearly a step up. Therefore, it was not unreasonably dangerous. Id. at 847.
This court in Spencer v. Benny’s Car Wash, LLC, 2011-1708 (LaApp. 1 Cir. 5/4/12), 2012 WL 1580601 (unpublished opinion), determined that the existence of an auto mechanic’s oil-change pit in an automobile garage did not present an un *428 reasonably dangerous condition. The plaintiff fell into the oil-change pit while walking holding registration papers in her hand. Although at trial she denied looking at those papers, her medical records indicated that she was not looking where she was going at the time of the fall. This court noted that a pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear. Id., 2012 WL 1580601 at * 12. In Spencer, the oil-change pit should have been observable to anyone who was looking where they were going. Id., 2012 WL 1580601 at * 13. This court cited numerous other cases finding no unreasonably dangerous condition in trip-and-fall cases when the plaintiff should have observed the condition. Id., 2012 WL 1580601 at * 13 n.19.
The facts of the present case are that Ms. Williams was walking and talking at the time she stepped off the curb. She did not see the curb when she fell. We agree with the trial court that this was a basic curb. There is nothing in the record that establishes that the curb created an unreasonable risk of harm. As the trial |n court stated, “[a] simple curb in a parking lot, in and of itself, does not create an unreasonable risk of harm. It’s open and obvious.”
CONCLUSION
For the above and foregoing reasons, the trial court’s April 18, 2016 judgment granting Liberty Mutual Fire Insurance Company and Walk-On’s Bistreaux & Bar Burbank, LLC’s motion for summary judgment and dismissing the claims of Debra S. Williams and John M. Williams, Sr. with prejudice, is hereby affirmed. Costs of this appeal are assessed against plaintiffs, Debra S. Williams and John M. Williams, Sr.
AFFIRMED.
Pettigrew, J. concurs with the Results and assigns Reason
McDonald, J. concurs and assigns reasons.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by 2015 La. Acts, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act. As this motion for summary judgment was filed on November 19, 2015, we refer to the former version of the article in this case. See 2015 La. Acts, No. 422, §§ 2 and 3.

. For a thorough discussion of this issue, see Temple., 196 So.3d at 77-78.