CRAIN, J.
Ijn this personal injury suit arising from a slip and fall, the plaintiffs appeal a summary judgment dismissing their claims for damages. We reverse and remand for further proceedings.
FACTS
Grady Wayne Bryant and his wife, Rhonda Patten Bryant, filed suit against Premium Food Concepts, Inc., doing business as Popeye’s Fried Chicken, and its insurer (collectively, “Popeye’s”), seeking damages for injuries sustained when Mr. Bryant slipped and fell on “a pile of grease” as he stepped off of the curb of the restaurant’s rear parking lot. Popeye’s generally denied the allegations of the petition and filed a motion for summary judgment on the basis that the Bryants could not prove that Popeye’s created or had actual or constructive knowledge of the alleged substance that caused Mr. Bryant’s fall, and therefore, could not meet their burden of proof under the Louisiana Merchant Liability Statute. The trial court agreed that the evidence presented did not establish the temporal element necessary to prove constructive notice and granted summary judgment dismissing the Bryants’ claims. The Bryants now appeal.
DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966B(2). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. See La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s ^determination of whether summary judgment is appropriate. Reynolds v. Bordelon, 14-2371 (La. 6/30/15), 172 So.3d 607, 610.
A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. Code Civ. Pro. art. 966F(1). The burden of proof is on the mover. See La. Code Civ. Pro. art. 966C(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to *82 establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. Code Civ. Pro. art. 966C(2); Temple v. Morgan, 15-1159 (La.App. 1 Cir. 6/8/16), 196 So.3d 71, 76, writ denied, 16-1255 (La. 10/28/16), 208 So.3d 889.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Mills v. Cyntreniks Plaza, L.L.C., 14-1115 (La.App. 1 Cir. 8/19/15), 182 So.3d 80, 82, writ denied, 15-1714 (La. 11/6/15), 180 So.3d 308. Popeye’s motion for summary judgment is based on the’ Louisiana Merchant Liability Statute, Louisiana Revised Statutes 9:2800,6. Thus, as a threshold matter, we consider whether Section 9:2800.6 applies to this case.
Section 9:2800.6 provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises.free of any hazardous conditions which reasonably might give rise to damage. .
LB. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an. injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1)The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the prémises which are similar tó those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.
Section 9:2800.6 generally-provides that a merchant owes its patrons a duty to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition and to.keep its establishment free of hazardous conditions. See Thompson v. Winn-Dixie Montgomery, Inc., 15-0477 (La. 10/14/15), 181 So.3d 656, *83 662. In other words, merchants are required to exercise reasonable care to protect those who enter the premises. Lavergne v. BJ’s Restaurants, Inc., 16-0090 (La.App. 1 Cir. 12/15/16), 208 So.3d 918, 921. InlfiSome cases, courts have held that the duty set forth in Section 9:2800(6 also extends to sidewalks and parking lots near the merchant’s business. E.g., Williams v. Liberty Mut. Fire Ins. Co., 16-0996- (La. App. 1 Cir. 3/13/17), 217 So.3d 421, 426, 2017 WL 1025364 (applying Section 9:2800.6 to a trip and fall from the curb that transitioned from a sidewalk to the parking lot near a restaurant’s exit); Waddles v. Brookshire Grocery Co., 50, 150 (La. App. 2 Cir. 9/30/15), 181 So.3d 772, 778 (applying Section 9:2800.6 to a trip and fall on an uneven section of concrete in a grocery store parking lot); Davis v. Cheema, Inc., 14-1316 (La.App. 4 Cir. 5/22/15), 171 So.3d 984, 988 (recognizing the applicability of Section 9:2800.6 to slip and fall cases occurring in both gas station and merchant parking lots). However, Section 9:2800.6D explicitly provides that not all tort causes of action against merchants are governed by the statute.
In this ease, the pleadings and summary judgment evidence reflect that the Bryants do not seek damages resulting from a breach of Popeye’s duty to keep its aisles, passageways, and floors in a reasonably safe condition. Nor do they seek damages from a slip and fall on Popeye’s sidewalks or parking lot. Rather, the alleged unreasonably dangerous condition is cooking grease located on the unpaved ground between shrubs that divide the parking lot from the open area beyond. Although the Bryants allege a slip and fall, and Popeye’s is a merchant, their claim is beyond the scope of Section 9:2800.6.
Popeye’s motion for summary judgment raises only the issue of whether the Bryants will be able to satisfy their burden of proof under Section 9:2800.6. We have determined that Section 9:2800.6 is not applicable to this case. The summary judgment procedure specifies that summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. Code Civ. Pro. art. 966F(1). Since the motion for summary judgment under consideration raises no other issues, we do not consider any | ^similar elements required by other laws that may be.applicable to this case. Contrast, Tomaso v. Home Depot, U.S.A., Inc., 14-1467 (La.App. 1 Cir. 6/5/15), 174 So.3d 679, 683 (where the motion for summary judgment did not limit appellate review of the elements required by Section 9:2800.6, allowing the court to consider what it recognized as the similar elements required by Louisiana Civil Code article ,2317.1). Accordingly, after de novo review, we And that Popeye’s failed to meet its burden of proof on the motion for summary judgment by pointing out an absence of factual support for an essential element of the Bryants’ claim.
CONCLUSION
The summary judgment granted by the trial court that dismissed the Bryants’ claims is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed to Premium Food Concepts, Inc. d/b/a Popeye’s Fried Chicken #’4604, and State Farm Fire and Casualty Company.
REVERSED AND REMANDED.
Holdridge, J., concurs
Welch j., concurs without reasons