MCCLENDON, J.
In this trip and fall case, the plaintiff, Earl Primeaux, appeals the trial court's judgment that granted the motion for summary judgment filed by defendants, Best Western Plus Houma Inn and Cajun Lodging, LLC. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Primeaux, a hotel guest, tripped as he stepped onto the elevated entryway of the Best Western Plus Houma Inn located in Gray, Louisiana on October 19, 2014. Immediately before he fell, Mr. Primeaux drove his car under the covered area just outside of the Best Western's entrance in anticipation of checking out of the hotel. He exited his vehicle and walked toward the sliding doors, intent on entering the hotel lobby to return his room key. As Mr. Primeaux approached the entryway, his foot "caught the ledge" of the elevated curb of the entryway. He fell and struck his head on the sliding glass doors, sustaining various injuries. Mr. Primeaux subsequently filed suit for personal injuries on October 19, 2015.[1]
The defendants answered the petition on January 15, 2016 and filed a motion for summary judgment on March 14, 2017.[2] The defendants contended that Mr. Primeaux could not prove that his injuries were caused by an unreasonably dangerous *25 condition on Best Western's premises. Therefore, according to the defendants, Mr. Primeaux could not satisfy his burden of proof pursuant to LSA-R.S. 9:2800.6, the Merchant Liability Statute, and the defendants were entitled to judgment as a matter of law. Particularly, the defendants asserted that the curb was painted bright yellow and was not hidden by debris or other obstructions. Instead, the defendants argued that the curb was open and obvious and was not unreasonably dangerous. Mr. Primeaux simply failed to see what should have been seen.
Mr. Primeaux opposed the motion, arguing that various code violations existed in the entryway of the Best Western which rendered the premises unreasonably dangerous. To establish these code violations, Mr. Primeaux offered the affidavit of Mitchell Wood, a licensed architect with knowledge and experience concerning planning and design for hotels. Mr. Wood attested that he reviewed the petition as well as photos of the entryway; however, there was no indication in the affidavit that Mr. Wood performed an inspection of the premises or personally observed the relevant area prior to the execution of his affidavit on April 19, 2017. Mr. Primeaux acknowledged that the curb was painted yellow, but offered the affidavit of witness, Angela Petry, to establish that the paint was dull, faded, and chipped. Finally, Mr. Primeaux asserted that the motion was premature because discovery was on-going.
The defendants filed a reply memorandum in response to Mr. Primeaux's opposition and objected to Mr. Wood's affidavit.[3] See LSA-C.C.P. art. 966D(2). The defendants contended that the affidavit was not based on personal knowledge, as required by LSA-C.C.P. art. 967A but, instead, was based solely on unidentified photographs and the petition. Consequently, the defendants argued that Mr. Wood failed to affirmatively establish that he was competent to testify to the matters set forth in the affidavit.
On May 4, 2017, the day before the hearing on the defendants' motion, Mr. Primeaux filed a supplemental affidavit of Mr. Wood wherein he confirmed the opinions set forth in his original affidavit but stated that he performed an inspection of the premises, particularly the exterior curb ramp, the entry, and the exterior ceramic floor surface, on May 3, 2017.
A hearing on the defendants' motion for summary judgment was held on May 5, 2017. The trial court granted the defendants' motion for summary judgment at the conclusion of the hearing. The trial court examined the photographs submitted by both parties and noted that, although the parties disagreed regarding the brightness of the yellow paint, they agreed, and the photographs established, that the curb was painted yellow. The trial court found the curb was "clearly visible" and distinct from the surrounding area and concluded that the complained of condition was open and obvious and, therefore, was not unreasonably dangerous.
The trial court did not expressly rule on the defendants' objections to the exhibits attached to Mr. Primeaux's original opposition. However, it is clear that the trial court considered Mr. Wood's affidavit, despite *26 the court's acknowledgment that Mr. Wood did not go to the scene of the plaintiff's fall prior to submitting the original affidavit. The trial court's comments made during its oral ruling demonstrate that the court determined that Mr. Wood's affidavit did not create a genuine issue of material fact concerning whether the curb was unreasonably dangerous. Particularly, the court noted that Mr. Wood's affidavit did not discuss factors typically cited by experts as being relevant to the determination of whether a condition is unreasonably dangerous, such as line of sight and distractions.[4]
At the hearing on the motion, the defendants objected to Mr. Primeaux's supplemental opposition and attached exhibits and argued that LSA-C.C.P. art. 966 prohibited him from filing supplemental exhibits in support of his opposition and that the exhibits were untimely. The trial court sustained this objection, and Mr. Primeaux proffered the excluded exhibits.[5]
Mr. Primeaux filed a motion and order for devolutive appeal in July 2017. However, the trial court's judgment lacked proper decretal language and was not a final, appealable judgment. Consequently, the appeal was dismissed on December 7, 2017. See Earl Primeaux v. Best Western Plus Houma Inn, Cajun Lodging, LLC, and ABC Insurance Company, 17-1328 (La. App. 1 Cir. 12/7/17). An amended judgment containing the proper decretal language was signed on April 25, 2018. From this judgment, Mr. Primeaux appeals.
In his first two assignments of error, Mr. Primeaux argues that the trial court erred by finding that the defendants met their burden of proof on summary judgment. According to Mr. Primeaux, Mr. Wood's affidavit established that the curb presented an unreasonable risk of harm, was a contributing factor to his fall, and the defendants knew or should have known of its deficient design. In his final assignment of error, Mr. Primeaux asserts that the trial court erred in granting the motion because discovery was incomplete.
SUMMARY JUDGMENT
The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966A(2). A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate.
*27 Williams v. Liberty Mut. Fire Ins. Co., 16-0996 (La.App. 1 Cir. 3/13/17), 217 So.3d 421, 423, writ denied, 17-0624 (La. 6/5/17), 219 So.3d 338. The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966D(1); Williams, 217 So.3d at 424, citing Bufkin v. Felipe's Louisiana, LLC, 14-0288 (La. 10/15/14), 171 So.3d 851, 854.
A fact is "material" when its existence or nonexistence may be essential to the Plaintiff's cause of action under the applicable theory of recovery. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Cheramie v. Port Fourchon Marina, Inc., 16-0895 (La.App. 1 Cir. 2/17/17), 211 So.3d 1212, 1216, writ denied. 17-0499 (La. 5/12/17), 221 So.3d 73, citing Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. Bryant v. Premium Food Concepts, Inc., 16-0770 (La.App. 1 Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 17-0873 (La. 9/29/17), 227 So.3d 288.
An issue is genuine if reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. Larson v. XYZ Ins. Co., 16-0745 (La. 5/3/17), 226 So.3d 412, 416. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith, 639 So.2d at 751.
APPLICABLE LAW
For purposes of the Merchant Liability Statute, LSA-R.S. 9:2800.6, "merchant" includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including lobby areas of or within the hotel, motel, or inn. LSA-R.S. 9:2800.6C(2). Mr. Primeaux's fall occurred at the front entrance area of the Best Western hotel, as he approached the lobby. Therefore, we agree with the parties that the Merchant Liability Statute applies to Mr. Primeaux's claims against the defendants.[6]
Louisiana Revised Statute 9:2800.6, provides in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other *28 elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
A merchant owes a duty to persons using his premises to exercise reasonable care to keep such premises in a reasonably safe condition. LSA-R.S. 9:2800.6A. The absence of an unreasonably dangerous condition implies the absence of a duty on the part of the defendant. Williams, 217 So.3d at 424, citing Oster v. Dep't of Transp. & Dev., State of La., 582 So.2d 1285, 1288 (La. 1991).
In order to prove that a merchant is liable for damages sustained as a result of a fall due to a condition that existed in or on the merchant's premises, a plaintiff must prove by a preponderance of the evidence, through direct or circumstantial evidence: (1) the existence of a condition that presented an unreasonable risk of harm which was reasonably foreseeable; (2) the merchant's actual or constructive notice of the condition; and (3) the merchant's failure to exercise reasonable care. Williams, 217 So.3d at 424. Failure to prove any one of the foregoing requirements is fatal to a plaintiff's case. Id.
A hazardous condition is one that creates an unreasonable risk of harm to customers under the circumstances. Pena v. Delchamps, Inc., 06-0364 (La.App. 1 Cir. 3/28/07), 960 So.2d 988, 991, writ denied, 07-0875 (La. 6/22/07), 959 So.2d 498. Merchants are not insurers of their patrons' safety, and a customer is under a duty to use ordinary care to avoid injury. Id. at 991. A merchant is not absolutely liable every time an accident happens. Williams, 217 So.3d at 424, citing Leonard v. Wal-Mart Stores, Inc., 97-2154 (La.App. 1 Cir. 11/6/98), 721 So.2d 1059, 1061.
Courts have adopted a four-part risk-utility balancing test to determine whether a condition is unreasonably dangerous. This test requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature. Williams, 217 So.3d at 425, citing Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La. 2/20/04), 866 So.2d 228, 235.
The second prong of the risk-utility balancing test focuses on whether the defective condition is obvious and apparent, or as it has come to be commonly known, "open and obvious." Generally, a defendant does not have a duty to protect against an open and obvious hazard. Williams, 217 So.3d at 425, citing Broussard v. State ex rel. Office of State Bldgs., 12-1238 (La. 4/5/13), 113 So.3d 175, 184 ; Pitre v. Louisiana Tech Univ., 95-1466 (La. 5/10/96), 673 So.2d 585, 591, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996). In order for a defect to be considered open and obvious, the danger created by that defect must be apparent to all, i.e., to everyone who may potentially encounter it. Id. at 425 ; citing *29 Broussard, 113 So.3d at 184, 192 ; Caserta v. Wal-Mart Stores, Inc., 12-0853 (La. 6/22/12), 90 So.3d 1042, 1043 (per curiam).
In recent years, the Louisiana Supreme Court has made it clear that, in the absence of any material issues of fact, a court may determine by summary judgment that a defect is open and obvious and, therefore, does not present an unreasonable risk of harm. See Rodriguez v. Dolgencorp, LLC, 14-1725 (La. 11/14/14), 152 So.3d 871, 872 (per curiam ) (shopping cart that patron tripped over was open and obvious); Allen v. Lockwood, 14-1724 (La. 2/13/15), 156 So.3d 650, 653 (per curiam ) (unpaved grassy parking area where accident occurred was open and apparent); Ludlow v. Crescent City Connection Marine Division, 15-1808 (La. 11/16/15), 184 So.3d 21 (any danger presented by a concrete barrier on a vehicle ramp was "obvious and apparent to anyone who might potentially encounter it"). Therefore, summary judgment is proper when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous. Williams, 217 So.3d at 426, citing Moore v. Murphy Oil USA, Inc., 15-0096 (La.App. 1 Cir. 12/23/15), 186 So.3d 135, 145, writ denied. 16-00444 (La. 5/20/16), 191 So.3d 1066.
To grant summary judgment in the defendants' favor, this court must conclude, as did the trial court, that no genuine issue of material fact exists that the complained of condition did not create an unreasonable risk of harm.
DISCUSSION
Neither party challenges the trial court's evidentiary rulings. Therefore, in our de novo review, this court must consider Mr. Primeaux's exhibits filed in support of his original opposition to the defendants' motion and admitted by the trial court. Conversely, we do not consider the supplemental exhibits filed by Mr. Primeaux which were excluded by the trial court.
In support of the motion, the defendants relied on excerpts from Mr. Primeaux's deposition wherein he confirmed that photographs, also attached to the motion, accurately depicted the area where he fell. The photographs show that the portion of the curb which faces outward, toward pedestrians entering the hotel, is clearly painted yellow. The surface immediately above the painted area is light gray concrete while the area immediately below the painted curb is composed of dark gray brick. Mr. Primeaux fell very close to the entrance ramp which is covered by a red rug.
Mr. Primeaux and his family checked into the hotel two days before his fall, and he confirmed that he used the subject entryway on at least one prior occasion during his stay, without incident. Mr. Primeaux testified that the weather was sunny and dry, and the area was clear of debris. Nothing blocked Mr. Primeaux's view of the yellow curb prior to his fall. During Mr. Primeaux's deposition, defense counsel posed the question: "Did you trip because you just didn't lift your foot high enough?" Mr. Primeaux responded, "Apparently."
The defendants' evidence established that the curb was open and obvious and, therefore, was not unreasonably dangerous. Because the defendants satisfied their summary judgment burden of pointing out to the court the absence of factual support for one or more elements essential to Mr. Primeaux's claim, the burden shifted to Mr. Primeaux to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.
To this end, Mr. Primeaux relied on the affidavit of Mr. Wood. Mr. Wood opined *30 that the Best Western's curb ramp violated various safety standards, including those established by the Americans with Disabilities Act and the Life Safety Code NFPA 101 (1997 edition). Particularly, Mr. Wood stated that the ramp is placed directly in front of the entryway doors contrary to safety standards which require a level landing to be placed between the door and the top of the curb ramp. According to Mr. Wood, "a tripping hazard is created when a curb ramp is placed directly in front of a main entry door(s). Ideally the curb ramp should never 'intrude' into an entry door's landing 'space'. The Codes do not allow elevation changes (maximum permitted 1? for every 4 feet) within an exterior entrance's floor surface." Mr. Wood further stated that the flared sides of the ramp do not slope at a 45 degree angle from the top of the curb ramp as required by safety codes, and the "sharp downward slope of the flared sides to the curb ramp 'bottom' does not meet the 1:10 maximum rule."
For several reasons, we find that Mr. Wood's affidavit does not create a genuine issue of material fact or demonstrate that the plaintiff will be able to succeed at trial. First, the defendants introduced the photograph wherein Mr. Primeaux identified the area where he fell as the outer portion of the curb which flanks the ramp. By Mr. Primeaux's own admission, he fell before he reached the ramp and the entryway door. Therefore, the slope of the ramp's sides from the top of the curb ramp and the absence of a level landing area between the door and the ramp are inconsequential.
Next, Mr. Wood's affidavit does not establish whether the particular codes upon which he relied to form his conclusions were applicable to the Best Western. All he offers in this regard is a statement that the Life Safety Code NFPA 101 (1997 edition), which requires a level landing to be placed between the ramp and the entrance doors, has "been on the books for decades." It is well settled, though, that buildings that predate the promulgation of building codes are "grandfathered in," meaning that existing structures not in compliance with new codes are not required to comply with the new codes, unless there is a major renovation. Williams v. ABC Ins. Co., 16-0345 (La.App. 1 Cir. 12/22/16), 209 So.3d 411, 415, citing Nugent v. Car Town of Monroe, Inc., 50,910 (La.App. 2 Cir. 9/28/16), 206 So.3d 369, 374. Mr. Primeaux failed to offer evidence to establish that the defendants were required to comply with the particular codes cited by Mr. Wood. Furthermore, compliance with building codes is only one factor to be considered in determining premises liability. Calcagno v. Kuebel, Fuchs Partnership, 01-691 (La.App 5 Cir. 11/14/01), 802 So.2d 746, 751, citing Turner v. Pointe Coupee Parish School Board, et al., 577 So.2d 755 (La.App. 1 Cir. 1991), writ denied, 580 So.2d 673 (La. 1991).
Finally, the purported code violations identified by Mr. Wood have no bearing on the issue of whether the alleged defect was open and obvious. Therefore, Mr. Wood's affidavit failed to create a genuine issue of material fact sufficient to defeat the defendant's motion. It is undisputed that the curb was painted yellow. We have reviewed the color photographs filed in support of the defendants' motion and agree with the trial court that the curb is clearly visible to approaching pedestrians exercising reasonable care.[7]
*31 We find this case to be similar to Williams v. Liberty Mutual, 217 So.3d 421, wherein this court affirmed the judgment granting the defendants' motion for summary judgment. There, the plaintiff fell from a curb onto the parking lot below as she exited a restaurant. Like the curb at issue here, there was nothing unique about the curb in Williams - it was "a basic curb." Id. at 428. However, unlike the curb upon which Mr. Primeaux fell, the curb at issue in Williams was not painted and, therefore, was not visually distinct from the surrounding concrete. Even so, finding the curb to be open and obvious, this court concluded that the curb was not unreasonably dangerous.
Similarly, in Eskine v. City of Gretna, 17-542 (La.App. 5 Cir. 3/14/18), 240 So.3d 338, the plaintiff was injured after his walker, which he used for mobility, slipped and rolled off of an elevated walkway, causing him to fall into a ditch below. The plaintiff sued the City of Gretna, as owner of the allegedly defective walkway, arguing that the walkway was defective and unreasonably dangerous because it was too narrow and was in a state of disrepair. Although the Merchant Liability Statute was not at issue in Eskine, the plaintiff in that case also bore the burden of proving that the walkway presented an unreasonable risk of harm through application of the risk-utility balancing test. Id. at 342. The defendants filed a motion for summary judgment, arguing that the allegedly dangerous condition of the walkway was open and obvious, therefore, the walkway was not unreasonably dangerous. In opposition to the motion, the plaintiff presented expert testimony to establish that the walkway was 18-20 inches in width in violation of a city ordinance which required the walkway to be 48 inches wide. Id. at 340-341. The trial court found that the condition of the walkway was open and obvious and granted the defendant's motion. The court of appeal affirmed, finding there was no evidence that the plaintiff's view of the walkway, and particularly, its deteriorated condition and narrow width, was obstructed or that there was any hidden defect. Although the walkway violated the city's ordinance, its width was open and obvious and could have been seen by the plaintiff and anyone who encountered it. Id. at 343-344.
Mr. Primeaux relies on Calcagno, 802 So.2d 746 and Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106 (La. 1990) to support his argument that the elevated curb in the Best Western's entryway presented an unreasonable risk of harm. Both Calcagno and Sistler are distinguishable. The plaintiff in Calcagno tripped on a curb that was, at one time, painted bright red but had since faded to a "pinkish, gray color." Id. at 748. The color of the faded paint created an optical illusion which disguised the change in elevation.
*32 Similarly, in Sistler, the plaintiff tripped on a one-inch elevated landing in the entryway of a restaurant. The trial court and the Louisiana Supreme Court accepted the plaintiff's expert's opinion that the use of the same color tile on the landing and in the foyer created an illusion and gave the sense that no elevation existed. Id. at 1113-14. The expert opined that the landing created an unreasonable risk of harm because "[n]o warnings colors, the typical warning color being yellow, drew attention to the vertical face of the elevation." Id. at 1113.[8]
Unlike the conditions discussed in Calcagno and Sistler , there is no allegation or evidence that the curb in the entryway of the Best Western created an optical illusion.[9] Instead, by Mr. Primeaux's own admission, nothing prevented him from seeing it and nothing prevented him from using an alternative route, including the ramp, to avoid the curb. The photographs further confirm the yellow paint on the edge of the curb made it distinct from the rest of the entryway, thus, highlighting its existence. The evidence clearly establishes that the curb was readily apparent to all who encountered it.
Mr. Primeaux also argues that the trial court erred by granting the defendants' motion for summary judgment because discovery is on-going and not yet complete. This argument lacks merit. Louisiana Code Civil Procedure art. 966A(3) provides that a motion for summary judgment may be granted after an opportunity for adequate discovery if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. The requirement that a summary judgment should be considered only after "adequate discovery" has been construed to mean that there is no absolute right to delay action on a motion for summary judgment until discovery is complete; rather, the requirement is only that the parties have a fair opportunity to carry out discovery and to present their claim. Unless a party shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. Montgomery v. Garry Lewis Properties, 17-1720 (La.App. 1 Cir. 8/10/18), 256 So.3d 391, 398, writ denied, 2018-1585 (La. 12/17/18), 258 So.3d 598, citing Welch v. East Baton Rouge Parish Metro. Council, 10-1532 (La.App. 1 Cir. 3/25/11), 64 So.3d 249, 254. See also Diversified Marine Servs., Inc. v. Jewel Marine, Inc., 16-0617 (La.App. 1 Cir. 6/2/17), 222 So.3d 1008, 1017.
Trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. It is not an abuse of the trial court's wide discretion in discovery matters to grant a motion for summary judgment before discovery has been completed. Dortch v. Jane Doe & Chrysler Grp., LLC, 16-0933 (La.App. 1 Cir. 4/6/17), 217 So.3d 449, 454, citing Duncan v. Poydras, 10-2094 (La.App. 1 Cir. 6/10/11), 68 So.3d 1184, 1186.
Mr. Primeaux attached the defendants' January 2017 discovery responses to his opposition to the motion for summary judgment to support his assertion that the defendants conceded that the motion was premature and that discovery was ongoing. The defendants began some of their responses to the plaintiff's requests for admission by stating, "...this request is premature *33 as discovery is just beginning." They also began many of their responses to Mr. Primeaux's interrogatories and requests for production with what appears to be a boilerplate objection: "Defendants object to this request as overly broad, unduly burdensome and premature as discovery is ongoing. Defendants also object to this request to the extent it assumes an accident occurred. Defendants dispute that there was an accident on October 19, 2015. Subject to and without waiving said objection..." Notably, though, where these objections were made, the defendants also provided a substantive response to Mr. Primeaux's request.
Mr. Primeaux contended that, by raising these objections, the defendants failed to meaningfully participate in discovery; yet, there is no indication that Mr. Primeaux filed a motion to compel more complete discovery responses nor did he request a continuance in order to conduct additional discovery. Mr. Primeaux did not identify what, if any, additional discovery he intended to conduct. Considering this and the fact that this suit was pending for more than a year before the motion for summary judgment was filed, we find Mr. Primeaux was provided with an opportunity for adequate discovery. The trial court did not abuse its discretion in failing to require additional discovery prior to granting the defendants' motion for summary judgment. The trial court's judgment is affirmed.
CONCLUSION
For the foregoing reasons, we affirm the April 25, 2018 judgment of the trial court. Costs of this appeal are assessed to the plaintiff/appellant, Earl Primeaux.
JUDGMENT AFFIRMED.

The petition also named the fictional ABC Insurance Company as a defendant. No actual insurance company was ever substituted as a defendant.

According to Mr. Primeaux's petition, the premises is owned or operated by Best Western Plus Houma Inn and Cajun Lodging, LLC.

The defendants also objected to Mr. Primeaux's statement of disputed material facts because it did not satisfy the requirements of Uniform Rules of Louisiana District Courts, Rule 9.10(b) in that it failed to reference citations or exhibits to prove that each fact was genuinely disputed. Finally, the defendants objected to the medical records attached to Mr. Primeaux's opposition because he included limited pages, rather than all records produced by the provider in response to the defendants' subpoena duces tecum.

Mr. Primeaux challenges this finding and cites Mr. Wood's affidavit wherein he explained that "[t]he Codes" do not allow elevation changes within an exterior entrance's floor surface because a pedestrian who is making a transition in gait to enter a building is not focused at his feet or the floor. "A pedestrian's attention and 'cone of vision' is directed toward the door(s)." This comment was made in conjunction with Mr. Wood's opinion that the hotel's entryway violated safety standards due to the failure to provide a level landing between the entrance doors and the ramp. However, for reasons discussed herein, the absence of a landing has no bearing on the determination of whether the elevated, outer edge of the curb which caused the plaintiff's fall was unreasonably dangerous.

In addition to Mr. Wood's supplemental affidavit, the trial court also excluded supplemental medical records attached to the plaintiff's opposition memorandum.

This court has applied the Merchant Liability Statute to similar trip and falls occurring in the entryway of a restaurant. See Williams, 217 So.3d 421.

Although under current law, we are statutorily obligated, pursuant to LSA-C.C.P. art. 966D(2), to consider expert opinions admitted by the trial court, the law is well settled that such opinions are insufficient to defeat summary judgment when they fail to create a genuine issue of material fact. See Talbert v. Restoration Hardware, Inc., 17-0986 (La.App. 1 Cir. 5/31/18), 251 So.3d 532, 539, writ denied, 18-1102 (La. 10/15/18), 253 So.3d 1304 ; Pontchartrain Nat. Gas Sys. v. Texas Brine Co., LLC, 18-0004 (La.App. 1 Cir. 6/6/18), 255 So.3d 644, 647-48, writ denied, 18-1431 (La. 12/3/18), 257 So.3d 1259 ; Cordell v. Tanaka, LLC, 17-0285 (La.App. 1 Cir. 1/4/18), 2018 WL 301331, *4 (unpublished), writ denied, 18-0235 (La. 4/6/18), 239 So.3d 827, granting the defendants' motion for summary judgment, finding the opinions of the plaintiff's expert were conclusory and insufficient to create a genuine issue of material fact. Conversely, see Hickman v. Exxon Mobil Corp., 17-0235 (La.App. 1 Cir. 7/18/18), 255 So.3d 1097, 1104-05, writ denied, 18-1463 (La. 11/20/18), 256 So.3d 996, wherein the summary judgment granted in favor of the defendants was reversed, because the opinions of the plaintiff's expert were sufficient to create a genuine issue of material fact.

We also note that Sistler, 558 So.2d 1106, was decided prior to the 1996 tort reform and the abolition of strict liability for premises liability in Louisiana.

In fact, Mr. Wood's affidavit does not specifically address the color of the curb.