STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1277

CAROLYN WILLIAMS

CHH

VERSUS

ROUSE'S ENTERPRISES, L.L.C.

WRC by CHH

Judgment Rendered: **JUN 1 5 2023**

* * * * *

On Appeal from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Trial Court No. 141529

Honorable F. Hugh Larose, Judge Presiding

* * * * *

| | |
|---|---|
| Lawrence B. Jones<br>Rebecca M. Massa<br>New Orleans, LA | Attorneys for Plaintiff-Appellant,<br>Carolyn Williams |
| Kaitlyn E. Bourg<br>Mallory F. Maddocks<br>Michael G. Gee<br>Thibodaux, LA | Attorneys for Defendant-Appellee,<br>Rouse's Enterprises, L.L.C. |

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

In this personal injury matter, plaintiff appeals the trial court's grant of defendant's motion for summary judgment. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

On November 2, 2019, plaintiff, Carolyn Williams was taking her sister to the newly opened Rouses Market in Thibodaux, Louisiana. When Ms. Williams arrived at Rouses, she exited her vehicle to get a scooter for her sister. As she was walking toward the store, she fell on a raised surface[1] in the parking lot. She sustained injuries as a result of the fall.

On October 8, 2020, Ms. Williams filed a petition for damages naming Rouse's Enterprises, L.L.C. ("Rouses") as the defendant and alleging that Rouses was negligent by creating a dangerous condition because the surface where she fell was unmarked and not painted. After answering Ms. Williams's petition, Rouses moved for summary judgment contending that there was no unreasonably dangerous condition on Rouses' premises that contributed to Ms. Williams's accident, and the curb in question was an open and obvious condition for which Rouses had no duty to warn.[2] Rouses attached Ms. Williams's petition for damages as well as Ms. Williams's deposition to its motion. Ms. Williams opposed the motion contending that several genuine issues of material fact remained. She attached a photograph of Rouses' parking lot to her opposition. Rouses objected to the admission of the photograph contending that the photograph was improper summary judgment evidence. At the hearing on the motion for summary judgment, Ms. Williams withdrew the photograph from evidence.

---

[1] Throughout the briefs and motions, this raised surface is sometimes referred to as a curb and sometimes referred to as an "island like" structure.

[2] While Rouses argued that it had no duty to warn about the curb because it was not unreasonably dangerous or open and obvious, as further discussed below Rouses' argument is part of the breach element of the duty/risk analysis rather than the duty element.

After a hearing, the trial court granted Rouses' motion for summary judgment finding that no genuine issue of material fact remained. It is from this judgment that Ms. Williams appeals.

## LAW AND ANALYSIS

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2). A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The burden of proof is on the mover. La. Code Civ. P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Aucoin v. Larpenter,** 2021-0064 (La. App. 1st Cir. 9/20/21), 329 So.3d 363, 368, writ denied, 2021-01505 (La. 12/7/21), 328 So.3d 420. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Id.** Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen

3

only in light of the substantive law applicable to the case. **Durand v. Graham**, 2019-1312 (La. App. 1st Cir. 6/12/20), 306 So.3d 437, 440.

Whether a claim arises in negligence under Article 2315 or in premises liability under Article 2317.1, the traditional duty/risk analysis is the same and is used to determine whether liability exists. **Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359 So.3d 467, 473. Under the duty/risk analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). **Id.** If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. **Id.**

In determining whether a condition is unreasonably dangerous, courts have adopted a four-part risk-utility balancing test. The supreme court has synthesized the risk/utility balancing test to a consideration of four factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and, (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. **Id** at 474

Whether a condition is open and obvious is embraced within the breach of the duty element of the duty/risk analysis and is not a jurisprudential doctrine barring recovery, but only a factor of the risk/utility balancing test. Specifically, it falls within the ambit of the second factor of the risk/utility balancing test, which considers the likelihood and magnitude of the harm, and it is not a consideration for determining the legal question of the existence of a duty. **Id.** at 478.

4

For a hazard to be considered open and obvious, it must be one that is open and obvious to all who may encounter it. The open and obvious concept asks whether the complained of condition would be apparent to any reasonable person who might encounter it. If so, that reasonable person would avoid it, and the factor will weigh in favor of finding the condition not unreasonably dangerous. Summary judgment, based on the absence of liability, may be granted upon a finding that reasonable minds could only agree that the condition was not unreasonably dangerous; therefore, the defendant did not breach the duty owed. In such instance, the plaintiff would be unable to prove the breach element at trial. **Id.**

At trial, Ms. Williams would bear the burden of proving the elements of her claim against Rouses. Thus, for Rouses to prevail on summary judgment, it was required to show the absence of factual support for any elements of Ms. Williams's cause of action. Rouses, in alleging that the curb is not unreasonably dangerous and is open and obvious, is arguing that Ms. Williams cannot prove the second element of risk of the duty risk analysis that Rouses breached the duty owed.

In support of its position, Rouses cites **Williams v. Liberty Mut. Fire Ins. Co.**, 2016-0996 (La. App. 1st Cir. 3/13/17), 217 So.3d 421, 428, writ denied, 2017-0624 (La. 6/5/17), 219 So.3d 338, wherein this court affirmed summary judgment in favor of the defendant finding there was nothing unique about the curb at a restaurant describing it as "a basic curb." In **Williams** the curb was not painted, and the court found the curb to be open and obvious and not unreasonably dangerous. In so concluding, the court had evidence of "several photographs showing the exact area of the curb from which [the plaintiff] fell." **Id.** at 426.

As noted, in support of its motion for summary judgment, Rouses relied solely on the petition and deposition of Ms. Williams. Rouses pointed to Ms. Williams's deposition testimony, saying that she saw the curb enough to step up onto it, and the issue came when she stepped down. Rouses specifically pointed to Ms. Williams's

statement that: "Yeah. When I got up on the curb, there wasn't [a] problem. It was when I was getting ready to get off the curb, I couldn't tell what was curb or what was parking lot." Ms. Williams also said she "got up on the curb, and when I went to go down that's how I know all of this wasn't painted. I couldn't tell the difference between the parking lot or the curb because they both was white." In her deposition, Ms. Williams was shown a photograph of the parking lot where she fell, but the photograph was not attached to the deposition.

Ms. Williams's statement that she could see the curb to step up, without more, is not enough to prove that the curb, particularly the step down from the curb, was open and obvious to all who may encounter it. We are unable to determine solely from Ms. Williams's deposition and petition whether the step down from the curb would be apparent to any reasonable person who might encounter it, and if so that a reasonable person would avoid it. Unlike in **Williams**, where the court relied on photographs to determine that the curb was a "basic curb" we cannot make such a determination from the evidence presented by Rouses. Therefore, we find that Rouses failed to meet its initial burden of showing an absence of factual support for one or more elements essential to Ms. Williams's claim, and the burden never shifted to Ms. Williams to show support for her claim.[3] See La. Code Civ. P. art. 966(D)(1). Accordingly, we find that the trial court erred in granting the motion for summary judgment.

## CONCLUSION

For the foregoing reason, we reverse the judgment of the trial court granting

---

[3] We note that the trial court in its reason for judgment stated that the curb was concrete, which is the standard material used in construction of parking lots, and that the curb was normal and there had been no showing that the rise of the step was unusual in height or that the depth was not proper or any other showing of architectural or engineering design that caused it to be dangerous. The evidence relied on by Rouses does not show the size, substance, location, height, or color of the raised surface that Ms. Williams fell from, and we simply cannot determine from the evidence before us that whether the raised surface was open and obvious to all who encountered it.

summary judgment in favor of Rouses. All costs of this appeal are assessed to defendant-appellee, Rouse's Enterprises, LLC.

**REVERSED AND REMANDED.**