NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1084

BYRON D. POIRRIER, JUNIOR

VERSUS

LANNIE DENOUX AND BERNICE DENOUX, AND INSURER,
CENTAURI SPECIALTY INSURANCE COMPANY

Judgment Rendered: ___SEP 1 8 2020___

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket Number 120,179

Honorable Alvin Turner, Judge Presiding

*************

| | |
|---|---|
| Vercell Fiffie<br>Edgard, LA | Counsel for Plaintiff/Appellant,<br>Stacie Gravois |
| Charles Rumbley<br>James P. Nader<br>Sarah H. Didlake<br>New Orleans, LA | Counsel for Defendants/Appellees,<br>Lannie Denoux, Bernice Denoux and<br>Centauri Specialty Insurance Co. |

*************

BEFORE: WHIPPLE, C.J., GUIDRY, AND WOLFE, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by plaintiff, Byron D. Poirrier, Jr., from a judgment of the trial court, granting summary judgment in favor of defendants, Lannie Denoux, Bernice Denoux, and Centauri Specialty Insurance Company, and dismissing plaintiff's claims against defendants with prejudice.[1] For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 15, 2016, Mr. Poirrier was painting soffit and performing repairs on Lannie and Bernice Denoux's home when he slipped and fell while descending a ladder from their roof. Thereafter, Mr. Poirrier filed a petition for damages sustained as a result of this accident against the Denouxs and their homeowner's insurance carrier, Centauri Specialty Insurance Company. Mr. Poirrier averred that the accident was caused by a defect in the ladder provided by the defendants and the defendants' failure to maintain their premises in a reasonably safe condition. Mr. Poirrier further contended that as a result of this accident, he sustained a fracture to his lumbar vertebra, which required him to endure several surgeries and rendered him unable to work.

The defendants answered the petition and asserted affirmative defenses, averring that the sole cause of the accident was the negligence or fault of Mr. Poirrier. The defendants thereafter filed a motion for summary judgment seeking dismissal of plaintiff's claims against them, contending that plaintiff cannot establish that the defendants were negligent or at fault in any way. In support of their motion, the defendants attached excerpts of Mr. Poirrier's October 24, 2018 deposition, a copy of plaintiff's petition for damages, and the affidavits of Lannie and Bernice Denoux.

---

[1]Following the lodging of this appeal, Mr. Poirrier died. Pursuant to an interim order of this court, this matter was remanded to the trial court to conduct proceedings to substitute a proper party for Mr. Poirrier. A judgment was ultimately signed substituting Mr. Poirrier's sister, Stacie Gravois, as plaintiff in his stead.

Plaintiff opposed the motion for summary judgment, contending that Mr. Denoux "bumped" the ladder when passing under it with his walker while Mr. Poirrier was on the roof, thus repositioning the ladder and causing Mr. Poirrier to slip and fall off while attempting to descend from the roof on the ladder. Plaintiff argued that genuine issues of material fact exist as to whether the defendants' conduct caused plaintiff to fall, precluding summary judgment. However, plaintiff offered no documents in support of his opposition.

The motion for summary judgment was heard on June 10, 2019.[2] The defendants argued that plaintiff could not establish any negligence on behalf of the defendants, relying on the excerpts of Mr. Poirrier's deposition testimony that he inspected the ladder for two to three minutes before using it to climb up to the roof; that he denied claiming the ladder was defective; that he fell because he slipped on some acorns, which caused the ladder to fall; that he did not think that the defendants could have done anything to prevent his injury, including, in particular, that he did not think the defendants could have done anything to prevent acorns from falling on the roof during the time he was on the roof; and that he did not see Mr. Denoux bump into the ladder and was not aware if Mr. Denoux did bump into the ladder. The defendants further relied on Mr. Denoux's affidavit testimony that he did not touch or come into contact with the ladder used by Mr. Poirrier to access the roof at any time on the day of the accident.

At the hearing, plaintiff attempted to rebut this showing by moving to introduce Mr. Poirrier's entire deposition, as well as the deposition of Mr. Denoux.

---

[2]The defendants' motion for summary judgment was filed on December 3, 2018, and initially set for hearing on February 11, 2019. Thereafter, plaintiff filed three motions to continue in order to allow him to obtain the defendants' depositions. On January 31, 2019, plaintiff filed a motion to continue and the matter was reset for April 8, 2019. On April 8, 2019, plaintiff filed a second motion to continue and the matter was reset for May 13, 2019. On May 7, 2019, plaintiff filed a third motion to continue, which was granted over the objection of defendants, and the hearing was reset for June 10, 2019, at which time the matter was ultimately heard.

Plaintiff argued that the depositions were admissible pursuant to LSA-C.C.P. art. 1450(A)(4). The defendants objected to their admission as untimely citing LSA-C.C.P. art. 966(B)(2), which requires that all documents in support of the opposition to the motion for summary judgment be filed and served not less than fifteen days prior to the summary judgment hearing. The trial court sustained the defendants' objections but allowed plaintiff to proffer the depositions.

At the conclusion of the hearing, the trial court granted summary judgment in favor of the defendants. A judgment granting the defendants' motion and dismissing plaintiff's claims was signed by the trial court on July 9, 2019. Pursuant to plaintiff's request, the trial court issued written reasons for judgment, finding that plaintiff failed to produce any evidence to support his contention that Mr. Denoux caused the accident by "bumping" the ladder with his walker while plaintiff was on the roof, thereby repositioning the ladder and causing plaintiff to fall. The trial court concluded that plaintiff failed to produce any factual support to establish the existence of a genuine issue of material fact.

Plaintiff then filed the instant appeal.

## DISCUSSION

On appeal, plaintiff contends that the trial court erred in not allowing the admission of deposition testimony at the hearing on the motion for summary judgment, which purportedly established the presence of material issues of fact.

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2).[3] A motion for summary judgment shall be granted

---

[3]Louisiana Code of Civil Procedure article 966 was amended and reenacted by La. Acts 2015, No. 422, § 1, effective January 1, 2016, to provide for certain procedures at the hearing on a motion for summary judgment, to provide for the filing and consideration of certain documents, and to provide for the burden of proof.

4

only if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3).

A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. LSA-C.C.P. art. 966(F). The burden of proof is on the mover. See LSA-C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the matter before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(D)(1). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. LSA-C.C.P. art. 966(D)(2).

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Larson v. XYZ Insurance Company, 2016-0745 (La. 5/3/17), 226 So. 3d 412, 416. Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Bryant v. Premium Food Concepts, Inc., 2016-0770 (La. App. 1st Cir. 4/26/17), 220 So. 3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So. 3d 288. In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that

5

govern the trial court's determination of whether summary judgment is appropriate. Reynolds v. Bordelon, 2014-2371 (La. 6/30/15), 172 So. 3d 607, 610.

Plaintiff contends that Mr. Poirrier's deposition was admissible at the summary judgment hearing pursuant to the general provisions governing the use of depositions, as set forth in LSA-C.C.P. art. 1450(A)(4), which states that "[a]t the trial or upon the hearing of a motion or an interlocutory proceeding," ... "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part[,] which, in fairness, should be considered with the part introduced, and any party may introduce any other parts." Plaintiff argues that pursuant to LSA-C.C.P. art. 1450(A)(4), the trial court was "required" to admit Mr. Poirrier's deposition at the hearing, where excerpts of Mr. Poirrier's deposition were previously submitted in support of the defendants' motion for summary judgment.

We disagree. The rules governing the summary judgment procedure are codified in LSA-C.C.P. arts. 966 and 967. Jordan v. Community Care Hospital, 2019-0039, 2019-0040 (La. App. 4th Cir. 7/24/19), 276 So. 3d 564, 574. The time delays for filing opposing documents in a summary judgment proceeding are very specific and are governed by LSA-C.C.P. art. 966(B)(2), which provides that "[u]nless extended by the court and agreed to by all of the parties, [...] [a]ny opposition to the motion and **all documents** in support of the opposition **shall** be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion." (Emphasis added). The word "shall" is mandatory. LSA-C.C.P. art. 5053.

Moreover, although we recognize that where there is a conflict between two statutory provisions, the statute more specifically directed to the matter at issue must prevail over the statute that is more general in character, Board of Ethics In re Davies, 2010-1339 (La. App. 1st Cir. 12/22/10), 55 So. 3d 918, 928-929 (on

6

rehearing). However, on review, we are not convinced that LSA-C.C.P. art. 966 and LSA-C.C.P. art. 1450 actually conflict. Rather, we find that these statutes contemplate the submission of depositions in different proceedings. A careful reading of LSA-C.C.P. art. 1450(A) indicates that this provision applies in proceedings where the parties are actually permitted to introduce depositions into evidence "[a]t the trial or [...] hearing." (Emphasis added.)[4]

However, in a summary judgment proceeding, while a deposition is one of the listed documents that a party can "file" in support of or in opposition to the motion, see LSA-C.C.P. art. 966(A)(4),[5] the language set forth in LSA-C.C.P. art. 966(B)(1)-(3) establishes specific time periods for filing or opposing motions for summary judgment and makes clear that all motions, memoranda, **and supporting documents "shall be filed and served"** on all parties "not less than fifteen days **prior to the hearing** on the motion" "[u]nless extended by the court and agreed to by all parties." (Emphasis added.) See LSA-C.C.P. art. (B)(2) and LSA-C.C.P. art. 966, 2015 Official Comments, Comment (d). Thus, when a deposition is used for the purpose of supporting or opposing a motion for summary judgment, it must be filed according to the guidelines set forth in LSA-C.C.P. art. 966(B). Accordingly, we reject plaintiff's argument that the trial court was required to admit Mr. Poirrier's deposition at the summary judgment hearing pursuant to LSA-C.C.P. art. 1450.

This court has held that LSA-C.C.P. art. 966(B) mandates that an opposition to a motion for summary judgment, along with all documents in support of the opposition, be filed and served no less than fifteen days prior to the hearing on the

_____

[4]"If only part of a deposition is **offered in evidence** by a party, **an adverse party may** require him **to introduce any other part** which, in fairness, should be considered with the part introduced, and **any party may introduce any other parts.**" LSA-C.C.P. art. 1450(A)(4). (Emphasis added.)

[5]Louisiana Code of Civil Procedure article 966(A)(4) provides that "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions."

motion. See Ramus v. KCJS Trucking, LLC, 2019-0041, 2019-0042 (La. App. 1st Cir. 9/27/19), 288 So. 3d 869, 874-75; Raborn v. Albea, 16-1468 (La. App. 1st Cir. 5/11/17), 221 So. 3d 104, 112. Because the time limitations established by LSA-C.C.P. art. 966(B) for the filing and serving of evidence in opposition to a motion for summary judgment are mandatory, evidence not timely filed can be ruled inadmissible and properly excluded by the trial court. See Buggage v. Volks Constructors, 2006-0175 (La. 5/5/06), 928 So. 2d 536, 536 (per curiam).[6]

In the instant case, plaintiff filed a memorandum in opposition to the motion for summary judgment and a response to defendants' uncontested statement of facts on June 3, 2019, seven days before the hearing. The trial court's reasons for judgment indicate that although filed untimely, the court nonetheless considered plaintiff's opposition memorandum. However, plaintiff did not file and serve any documents in support of his opposition until his appearance at the summary judgment hearing, where his attempt to introduce the depositions was met with objections by the defendants. After considering the objections, the trial court concluded that the evidence was not filed in accordance with LSA-C.C.P. art. 966(B) and, therefore, was inadmissible.

Where the opposition evidence was not filed at least fifteen days prior to the hearing in accordance with LSA-C.C.P. art. 966(B), we are unable to say the trial court erred in rejecting it as untimely. See Ramus v. KCJS Trucking, LLC, 288 So. 3d at 874-75; Raborn v. Albea, 221 So. 3d at 112. Because the trial court may only consider documents filed in support of or in opposition to the motion, plaintiff failed to meet his burden of producing factual evidence sufficient to establish that

---

[6]In Buggage, the Louisiana Supreme Court reversed the ruling of the court of appeal and reinstated the judgment of the trial court, holding that the trial court acted within its discretion in excluding an opposition to a motion for summary judgment filed a few minutes before the scheduled hearing on the motion. Buggage v. Volks Constructors, 928 So. 2d at 536. In doing so, the Supreme Court noted that the time limitations established by LSA-C.C.P. art. 966(B), which, at that time, was eight days prior to the hearing, are mandatory and evidence not timely filed can be ruled inadmissible and properly excluded by the trial court.

he will be able to satisfy his evidentiary burden of proof at trial. See LSA-C.C.P. art. 966(D)(1) & (2).

Accordingly, we find no error in the trial court's refusal to consider the proffered evidence or in its decision to grant the defendants' motion for summary judgment. See Buggage v. Volks Constructors, 928 So. 2d at 536.

## CONCLUSION

For the above and foregoing reasons, the July 9, 2019 judgment, granting defendants' motion for summary judgment and dismissing plaintiff's claims against defendants, with prejudice, is hereby affirmed. Costs of this appeal are assessed to plaintiff/appellant, Stacie Gravois.

**AFFIRMED.**