STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1062

KEVIN NAQUIN

VERSUS

STATE FARM AUTOMOBILE INSURANCE COMPANY,
QUAN TRUONG, AND STATE OF LOUISIANA,
THROUGH THE LOUISIANA DEPARTMENT OF
TRANSPORATION AND DEVELOPMENT

*consolidated with*

NO. 2020 CA 1063

QUAN TRUONG

VERSUS

TERREBONNE PARISH AND THE TERREBONNE PARISH
CONSOLIDATED GOVERNMENT

*consolidated with*

NO. 2020 CA 1064

JILIAN LOPEZ-TRUONG

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
QUAN TRUONG AND TERREBONNE PARISH
CONSOLIDATED GOVERNMENT

*consolidated with*

NO. 2020 CA 1065

JILIAN LOPEZ-TRUONG, QUAN TRUONG,
TROY TRUONG, AND KEVIN NAQUIN

VERSUS

TERREBONNE PARISH CONSOLIDATED GOV'T, ET UX

Judgment Rendered: **APR 1 6 2021**

\* \* \* \* \*

On Appeal from the
32nd Judicial District Court
Parish of Terrebonne, State of Louisiana
Nos. 181223 c/w 181056, 181207, 181208

The Honorable Randall L. Bethancourt, Judge Presiding

\* \* \* \* \*

C.E. Bourg, II                          Counsel for Plaintiffs/Appellants,
Morgan City, Louisiana                  Quan Truong and Jillian Lopez-
                                        Truong


J. Christopher Erny                     Counsel for Defendant/Appellee,
Houma, Louisiana                        The Terrebonne Parish Consolidated
                                        Government

\* \* \* \* \*

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

2

**WOLFE, J.**

The driver and a guest passenger injured in a single-vehicle accident appeal a summary judgment that dismissed their claims against the Terrebonne Parish Consolidated Government (TPCG) and its insurer, which were based on the allegedly defective condition of the roadway shoulder. We affirm.

## FACTS

The facts of the accident at issue are undisputed. Shortly before noon on October 24, 2016, Quan Truong was driving a Chevrolet pickup truck westbound on East Woodlawn Ranch Road, in Houma, Louisiana. East Woodlawn Ranch Road is a two-lane concrete roadway with gravel shoulders on either side. Mr. Truong was traveling approximately 20-25MPH, which was slower than the 35MPH speed limit for the area. It was a clear, dry day and Mr. Truong observed a truck pulling a large boat approaching in the opposite lane. Mr. Truong veered to the right to allow the approaching vehicle more room, which caused his right tires to drop off the roadway. When Mr. Truong re-entered the roadway, he crossed the center line into the eastbound lane of oncoming traffic. He then swerved back to the right, left the roadway, and struck an embankment, which caused his vehicle to flip. Mr. Truong and his three guest passengers were injured in the accident.

Mr. Truong and his passengers instituted these four suits seeking damages for the injuries they sustained in the accident. After the suits were consolidated, various parties were dismissed, leaving the plaintiffs' claims against TPCG that were premised on alleged defects in the road's shoulder. TPCG filed a motion for summary judgment on the basis that the plaintiffs would be unable to meet their burden under La. R.S. 9:2800 of proving the alleged defect created an unreasonable risk of harm, the alleged defect caused the accident, or TPCG had actual or constructive notice of the alleged defect. After considering the evidence in support of and in opposition to the motion, the trial court granted the motion for summary

3

judgment and rendered judgment dismissing all claims. Mr. Truong and his wife Jillian Lopez-Truong, one of the injured guest passengers and a plaintiff in these suits, now appeal.

## DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **In re Succession of Beard**, 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So.3d 753, 759-60.

The burden of proof on the motion rests with the mover; however, if the mover will not bear the burden of proof at trial on the issue raised in the motion, the mover is not required to negate all essential elements of the adverse party's claim, action, or defense. Rather, the mover's burden is to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Upon doing so, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966D(1).

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (*per curiam*); **Smith v. Our Lady of the Lake Hospital, Inc.**, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. A

genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Hines**, 876 So.2d at 765-66; **Smith**, 639 So.2d at 751. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.**, 2016-0770 (La. App. 1st Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So.3d 288.

A governmental entity that has custody of a public roadway owes a duty to the traveling public to maintain the roadway in a condition that is reasonably safe for vehicular use and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence. Additionally, the governmental entity must maintain the roadway's shoulders in such a condition that they do not present an unreasonable risk of harm to motorists using the adjacent roadway who are using the area in a reasonably prudent manner. **Rucker v. Parish of Ascension**, 2017-1754 (La. App. 1st Cir. 9/21/18) (unpublished), 2018 WL 4519944, *2, writ denied, 2018-1704 (La. 1/14/19), 260 So.3d 1218. A governmental entity's duty to maintain safe shoulders encompasses the foreseeable risk that for any number of reasons a motorist might find himself on, or partially on, the shoulder. This duty extends not only to prudent and attentive drivers, but also to motorists who are slightly exceeding the speed limit or momentarily inattentive. **Rucker**, 2018 WL 4519944 at *2.

To recover against a governmental entity for failing to maintain a roadway or its adjacent shoulders in a reasonably safe condition, the plaintiffs must prove: (1) the governmental entity had custody of the thing that caused plaintiffs' damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) the governmental entity had actual or constructive notice of the defect

and failed to take corrective action within a reasonable time; and (4) the defect was a cause-in-fact of plaintiffs' injuries. See La. Civ. Code arts. 2317 and 2317.1; La. R.S. 9:2800; **Boothe v. Department of Transportation and Development**, 2018-1746 (La. 6/26/19), 285 So.3d 451, 456. Failure to prove any one of these required elements is fatal to the plaintiffs' claims. **Netecke v. State ex rel. DOTD**, 98-1182 (La. 10/19/99), 747 So.2d 489, 494.

Constructive notice is defined as the existence of facts that infer actual knowledge. See La. R.S. 9:2800D. Ordinarily, to establish constructive notice, a plaintiff must prove the defect causing the injury existed over a sufficient length of time to establish that reasonable diligence would have led to its discovery and repair. **Jefferson v. Nichols State University**, 2019-1137 (La. App. 1st Cir. 5/11/20), ___ So.3d ___, ___ (2020 WL 2315584, *2), writ denied, 2020-00779 (La. 11/4/20), 303 So.3d 623. A governmental entity has constructive knowledge if it "knew or should have known" of the defective condition. **Clark v. East Baton Rouge Parish Department of Public Works**, 2017-1445 (La. App. 1st Cir. 4/6/18), 248 So.3d 409, 414.

In support of its motion for summary judgment, TPCG submitted numerous exhibits, including excerpts of the deposition testimony of David Rome, Jr., TPCG's Roads Operations Superintendent; Harris Heard, Jr., TPCG's Roads Operations Supervisor; and Claude Johnson, who regularly maintained East Woodlawn Ranch Road. Mr. Rome explained that parish roads were routinely inspected every four to six weeks and employees were directed to report any problems they saw. He further explained that every four to six weeks maintenance was performed on the road at issue, which typically included grading, placing or replacing signs, and patching potholes on the paved roadway. Mr. Harris opined it took six to eight weeks to complete inspection and maintenance of the route. Mr. Johnson explained that

6

during his monthly inspection, he graded the shoulder by moving the aggregate material already present and applying additional aggregate if needed.

According to TPCG's maintenance records attached to Mr. Harris's deposition, the shoulders of East Woodlawn Ranch Road were graded on August 15, 2016. On August 31, 2016, additional shells were added to the shoulders. On September 19, 2016, TPCG received a telephone call reporting that the shoulder needed to be graded. Mr. Harris testified that he directed Mr. Johnson, who was already in the area, to address the complaint. Mr. Johnson explained that he performed maintenance work on September 20, 2016. He explained that he would not have left the area unless both sides of the roadway were checked and addressed. Mr. Harris was not aware of any subsequent complaints about the roadway before the October 24, 2016 accident at issue.

Pretermitting consideration of the first two elements of the Truongs' burden of proof, we find the evidence submitted by TPCG sufficiently points out an absence of factual support for the third element of the Truongs' burden – namely, proof that TPCG had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time. The burden of proof thus shifted to the Truongs to produce factual support sufficient to establish the existence of a genuine issue of material fact. See La. Code Civ. P. art. 966D(1).

In opposition to the motion for summary judgment, the Truongs argued that there were genuine issues of material fact as to whether the roadway was actually repaired on September 20, 2016. They submitted excerpts of the deposition testimony of Mrs. Zeno Tora, who worked with Mr. Johnson in maintaining the roadway, and stated that the entire road could not be repaired in one day. Mr. Johnson acknowledged it was impossible to grade both sides of the road on the same day, but indicated his practice was to check both sides to see what needed to be done. He further testified without contradiction that the shoulder where the accident

7

happened was graded on September 20. Thus, the Truongs have failed to establish a genuine issue of material fact as to whether TPCG had actual notice of a defect and failed to take corrective measures within a reasonable time.

The Truongs additionally contended that TPCG's knowledge of the defect in the roadway was established by the necessity of repeated repairs and grading of the shoulder. Their expert in the field of accident reconstruction, Michael S. Gillen, opined that "[t]he record of frequent maintenance on this roadway suggests that [TPCG] was well aware that the pavement edge drop-off was prone to reaching unsafe levels." The Truongs argued that the necessity of repeated repairs indicates that TPCG only made temporary repairs rather than permanently correcting the defect that plagued the roadway, likening the situation to repeatedly adding air to a low tire rather than fixing the tire leak.

A governmental entity's lack of regular inspection procedure does not necessarily confer constructive knowledge of defects. See **Jefferson**, ___ So.3d at ___. Here, the Truongs argue the converse, that TPCG's adherence to regular inspection procedures and performance of regular repairs establishes knowledge of a defect and failure to take adequate corrective measures. However, the Truongs offered no evidence regarding specific conditions of the roadway shoulder that constituted defects and precipitated repairs prior to their accident. Their allegations, as well as the conclusions of their expert, are purely speculative and fail to create a disputed issue as to TPCG's notice of the alleged defect and failure to take corrective measures within a reasonable time. The mere existence of a factual possibility is insufficient to defeat summary judgment. **Jefferson**, ___ So.3d at ___.

The evidence establishes TPCG performed regular inspections and grading of the shoulder, adding shells or other materials as necessary to maintain the roadway's safety. The evidence further establishes that TPCG promptly responded to the complaint about the shoulder and undertook corrective measures. The Truongs

failed to present evidence establishing a genuine issue of material fact concerning TPCG's knowledge, actual or constructive, of any defect in the road, and its failure to take corrective measures within a reasonable time of having acquired such knowledge. The trial court did not err in granting TPCG's motion for summary judgment and dismissing the Truongs' claims.

## CONCLUSION

For the above reasons, we affirm the summary judgment in favor of the Terrebonne Parish Consolidated Government and the dismissal of the Truongs' claims with prejudice. Costs of this appeal are assessed to Quan Truong and Jillian Lopez-Truong.

**AFFIRMED.**