STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1163

DONG SHENG GUO

VERSUS

SOUTHERN UNIVERSITY & A&M COLLEGE BATON ROUGE

*Judgment Rendered:* **APR 0 8 2022**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C616251

The Honorable Trudy M. White, Judge Presiding

********

| | |
|---|---|
| Allen J. Myles<br>Plaquemine, Louisiana | Counsel for Plaintiff/Appellant<br>Dong Sheng Guo |
| Linda Law Clark<br>Brandon J. DeCuir<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Southern University & A&M College<br>Baton Rouge |

********

BEFORE: WHIPPLE, C.J., McDONALD, AND LANIER, JJ.

**LANIER, J.**

Plaintiff, Dr. Dong Sheng Guo, seeks this court's review of the district court's March 16, 2021 judgment granting summary judgment in favor of defendant, the Board of Supervisors of Southern University and Agricultural and Mechanical College ("Southern University" or "the Southern University Board"), dismissing his claims with prejudice.[1] Dr. Guo further challenges the district court's interlocutory ruling denying his motion for summary judgment against Southern University. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The Southern University Board is a constitutionally-created higher education board charged with the supervision and management of the institutions, statewide agricultural programs, and other programs administered through its system. La. Const. Art. 8, § 7(A). Southern University and Agricultural and Mechanical College Baton Rouge ("SUBR") is one of the universities that falls within the Southern University system. La. R.S. 17:3216(1). During fiscal year 2011-2012, SUBR found itself in a budgetary crisis due in large part to a reduction in state appropriations and a decline in enrollment numbers. As a result, on October 28, 2011, the Southern University Board voted to declare a financial emergency at SUBR for the fiscal year 2011-2012, beginning on November 1, 2011, and going through June 30, 2012. On December 16, 2011, the Southern University Board approved the Retrenchment and Reorganization Plan ("the Plan") presented by Dr. James L. Llorens, the Chancellor of SUBR, which included furloughs and layoffs as immediate savings to balance the current fiscal year budget.

---

[1] We note that defendant was identified in the petition as "Southern University and A&M College Baton Rouge." However, the Board of Supervisors of Southern University and Agricultural and Mechanical College appeared on January 8, 2015, filing an answer to Dr. Guo's claims. Thus, we refer to defendant throughout the report as either "Southern University" or "the Southern University Board."

2

The procedures for notifying personnel affected by the Plan were set forth, in pertinent part, in the "Policies And Procedures For Responding To Financial Emergencies Within The Southern University System" as follows:

VI.   Termination Notices to Affected Individuals

A.   Notice to Personnel:

1. Each person who is notified of his termination or of some other involuntary status change because of financial emergency shall be given notice of such action, in writing, by the Chancellor. Such notice will be transmitted by certified mail and/or delivered personally.

2. The notification to all affected personnel shall be at least thirty days prior to the termination or change-of-status date.

3. The Chancellor's notice shall include the following:

a. A brief statement concerning the financial emergency and the general procedures followed in identifying programs and personnel for reduction;

b. A clear statement explaining the basis for the decision in the particular case of the person affected;

c. A statement indicating the employee's right to appeal the notice of termination or change of status, as provided herein; and

d. A statement indicating future employment priority, if applicable.

4. In addition, the Chancellor's notice shall indicate that the termination is because of a financial emergency and does not reflect negatively on the individual's performance. The letter shall offer to provide letters of reference upon request and letters of explanation to prospective employers to assist in suitable placement.

B.   Appeals

1. An employee who has been issued a termination notice or other involuntary change of status because of "financial emergency" may appeal the decision if such appeal is filed at the Chancellor's office within seven days of the date of the notice. The appeal must be in writing and shall describe, with reasonable specificity, the basis for the appeal.

On May 30, 2012, Dr. Llorens prepared a termination letter for Dr. Guo, advising him that as a result of the declaration of financial emergency at SUBR,

3

and pursuant to the procedures outlined in the Southern University System Policy Procedure on Financial Emergencies, his "appointment as Assistant Professor" would be terminated effective June 30, 2012. According to the certified mail receipt, the letter was delivered to Dr. Guo's residence on June 1, 2012.

According to the record, Dr. Guo departed for Shanghai "for research collaboration" sometime around May 15, 2012. He returned from Shanghai on June 11, 2012. Dr. Guo indicated that he went to his house briefly that day and remembered flipping through some mail. However, he did not see the letter from Southern University at that time and left that same night for Oakridge. Dr. Guo stated that it was not until August 13, 2012, that he saw the termination letter. By that time, friends had "transferred some letters" to him.

After receiving the letter, Dr. Guo was allowed to file a late appeal. According to an August 16, 2012 letter from Dr. Guo to the office of the Chancellor, Dr. Guo advised that because the termination letter stated an intention to terminate his faculty appointment as "Assistant Professor," he assumed his full professorship status was still valid. Dr. Guo indicated his belief that the letter may have been "erroneously prepared" and that the "letter did not fit" his situation. Dr. Guo stated, "I shall just ignore this letter." However, in a second letter to the Chancellor dated August 17, 2012, Dr. Guo starts out by acknowledging that he is appealing the "proposed termination of [his] employment as a tenured professor" at SUBR pursuant to the letter dated May 30, 2012. Mr. Guo's appeal was considered by the Board and ultimately denied.

Thereafter, Dr. Guo filed a petition for injunctive relief and judicial review against Southern University, alleging that he had been terminated, without proper notice and adjudication, from his tenured position at SUBR. Dr. Guo asserted that his due process rights had been violated and that Southern University had deviated from its own Faculty Handbook in "attempting to deny [his] right to employment

4

without a proper hearing before the Southern University Board of Directors." Dr. Guo later amended his petition to include a request for damages for items including, but not limited to, unpaid teaching, summer job loss, expenses associated with finding another job in China, lost salary and benefits, compensation for sabbatical leave and sick leave, health/mental health damages, and attorney fees.

On August 28, 2017, Dr. Guo filed a motion for summary judgment arguing that he had been terminated by Southern University without due process of law. Dr. Guo asserted that Southern University unlawfully terminated him without proper notice and adjudication. According to the record, this motion was argued on October 30, 2017, but "passed without date." Dr. Guo re-urged the same argument in a second motion for summary judgment filed on May 17, 2019. The district court signed a judgment on September 3, 2019, denying Dr. Guo's motion for summary judgment. Dr. Guo applied for supervisory writs. On March 13, 2020, this court issued an order finding the writ application untimely. **Guo v. Southern University**, 2019 CW 1446 (La. App. 1 Cir. 3/13/20) (unpublished writ action).

Thereafter, on September 24, 2019, Southern University filed a motion for summary judgment, asserting that there was no genuine issue as to any material fact in dispute and that it was entitled to summary judgment as a matter of law. Southern University argued that Dr. Guo could not establish a due process violation in his termination because (1) the Board had issued a declaration of financial emergency for the 2011-2012 fiscal year at SUBR, which authorized Dr. Guo's termination as a tenured professor; and (2) the Board had granted Dr. Guo an appeal of his termination. Southern University further asserted that Dr. Guo could not prove that he did not receive proper notice of all employment actions simply because he was traveling.

5

Southern University's motion for summary judgment was heard on March 8, 2021. By judgment signed on March 16, 2021, the district court granted summary judgment in favor of Southern University, dismissing Dr. Guo's claims, with prejudice. Dr. Guo now appeals the summary judgment granted in favor of Southern University, as well as the denial of the motion for summary judgment that he previously filed on the same issue.[2]

## SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553 (La. App. 1 Cir. 7/18/18), 255 So.3d 16, 21, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194. The Code of Civil Procedure places the initial burden of proof on the party filing a motion for summary judgment. La. Code Civ. P. art. 966(D)(1). The mover can meet its burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. La. Code Civ. P. art. 966(A)(4). Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.**, 2016-0770 (La. App. 1 Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So.3d 288.

---

[2] When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. **Judson v. Davis**, 2004-1699 (La. App. 1 Cir. 6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (La. 2/10/06), 924 So.2d 167. Arguably, the present appeal is restricted to the issue of whether Dr. Guo's due process rights were violated by his termination by Southern University. Nevertheless, because the issues involved in the granting of Southern University's summary judgment are identical to those presented by Dr. Guo's prior motion for summary judgment, it is clearly appropriate to review the interlocutory judgment denying Dr. Guo's motion at this time. Thus, Dr. Guo may properly seek appellate review of that interlocutory judgment in this appeal.

If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover need only point out to the court, through its supporting documents, the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. Code Civ. P. art. 966(D)(1). See also La. Code Civ. P. art. 966, Comments—2015, Comment (j). Once the motion for summary judgment has been properly supported by the moving party, *i.e.*, the mover has established the material facts through its supporting documents and the mover has made a *prima facie* showing that the motion should be granted, the burden then shifts to the non-moving party to produce factual support, through the use of supporting documents in opposition to the motion, of the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). If the non-moving party fails to produce factual support in its opposition sufficient to establish this burden, the motion should be granted. See **Babin v. Winn-Dixie Louisiana, Inc.**, 2000-0078 (La. 6/30/00), 764 So.2d 37, 40.

Appellate courts review evidence *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Georgia-Pacific Consumer Operations, LLC**, 255 So.3d at 22. A "genuine" issue is a "triable issue," which means an issue on which reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. **Kasem v. State Farm Fire and Casualty Company**, 2016-0217 (La. App. 1 Cir. 2/10/17), 212 So.3d 6, 13.

7

## DISCUSSION

Both the United States Constitution and the Louisiana Constitution provide that an individual cannot be deprived of property without due process of law. U.S. Const. Amend. 14; La. Const. Art. 1, § 2. The law is likewise clear that a tenured college instructor possesses a property interest in his position that requires due process protection under both the federal and state constitutions. **Osborne v. Stone**, 536 So.2d 473, 475 (La. App. 1 Cir. 1988), writ denied, 537 So.2d 1164 (La. 1989), cert. denied, 493 U.S. 813, 110 S.Ct. 60, 107 L.Ed.2d 28 (1989). Exactly what process is due is dependent upon the peculiar facts involved. Due process is not a technical concept with a fixed content unrelated to time, place and circumstances. It is a flexible standard which requires such procedural safeguards as a particular situation demands. **Bell v. Department of Health and Human Resources**, 483 So.2d 945, 950 (La. 1986), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986). The fundamental requirement of due process is notice and the opportunity to be heard at a meaningful time and in a meaningful manner. **Mathews v. Eldridge**, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).

Dr. Guo argues on appeal that because Southern University declared financial emergency in October 2011, it had the rest of the fall semester and the entire spring semester to notify him of his termination. Further, Dr. Guo asserts that because the financial emergency ended on June 30, 2012, he could not be terminated based on financial emergency when he returned from abroad on August 30, 2012. Finally, Dr. Guo maintains that even if this court finds that Southern University notified him of his termination with the May 30, 2012 letter, the notification is untimely because delivery was not made until June 1, 2012, which does not satisfy the requirement that the notification be "at least thirty days prior to

8

the termination or change-of-status date." We find no merit to Dr. Guo's arguments on appeal.

In its motion for summary judgment, Southern University argued that it afforded Dr. Guo "all notice and due process required by its policies and procedures" and that it was acting within its legal authority in terminating Dr. Guo based on the financial crisis that SUBR was facing. Southern University asserted that the evidence submitted for purposes of its summary judgment clearly established that Dr. Guo was aware of the budgetary crisis and the measures that were taken prior to the declaration of financial emergency. Further, Southern University pointed out that by sending Dr. Guo's termination letter to him via certified mail on May 30, 2012, it adhered to its termination procedures applicable to financial emergencies. We agree.

The policies put in place by Southern University for dealing with terminations during financial emergencies clearly state that the notification of termination "will be transmitted by certified mail and/or delivered personally." There is nothing in the policy about an employee's receipt of said notice. Moreover, by transmitting, on May 30, 2012, Dr. Guo's notification that his termination was effective as of June 30, 2012, Southern University complied with the policy.

Moreover, it is clear from the record that Dr. Guo was aware of the financial situation at SUBR prior to the declaration of financial emergency in October 2011. In his deposition, Dr. Guo testified that during the 2011-2012 academic year, there were twenty professors in the Physics department, fifteen of whom were tenured. Dr. Guo further acknowledged that the student count was down in the Physics department. When he began at SUBR in 1992, there would be between fourteen and twenty students graduating per year. However, by the 2011-2012 academic year, that number had decreased to less than three to seven degrees per year.

Dr. Guo recalled that in 2011, SUBR asked faculty members to take a voluntary furlough. Dr. Guo indicated that his furlough was between ten and fifteen percent. He further testified that once SUBR declared financial emergency in the 2011-2012 academic year, a four-day work week was implemented.

When asked about the appeal of his termination, Dr. Guo indicated that he and his attorney attended a Southern University Board meeting in Baton Rouge in August 2012. He acknowledged that the Board considered his appeal at that time, however, he had no memory of either he or his attorney speaking during the meeting. According to Dr. Guo, the matter was "pushed" to a meeting in Shreveport in September. Dr. Guo maintained that the vote in September was "unfair" because he was not present at that meeting.

Following our exhaustive review of the record and based on the facts and circumstances of this case, we conclude that Southern University carried its burden of proof on its motion for summary judgment. On May 30, 2012, Southern University transmitted Dr. Guo's termination to him, by certified mail, notifying him that his termination was effective June 30, 2012, thus complying with the policies and procedures in place for handling terminations during a financial emergency. Moreover, although the notice of termination provided that Dr. Guo had seven days within which to appeal, Southern University allowed Dr. Guo to file an untimely appeal, which was considered and ultimately denied by the Southern University Board. In order to defeat the motion for summary judgment filed by Southern University, Dr. Guo was required to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial, i.e., that Southern University did not have the authority to declare a financial emergency at SUBR or proceed with faculty layoffs. Dr. Guo failed to come forward with any evidence establishing that there is a genuine issue of material fact. Accordingly, we find no error in the district court's rulings granting

summary judgment in favor of Southern University and denying Dr. Guo's motion for summary judgment.

## DECREE

For the above and foregoing reasons, we affirm the district court's September 3, 2019 judgment denying Dr. Dong Sheng Guo's motion for summary judgment. Further, we affirm the district court's March 16, 2021 judgment granting summary judgment in favor of the Board of Supervisors of Southern University and Agricultural and Mechanical College and dismissing, with prejudice, Dr. Dong Sheng Guo's claims. We assess all costs associated with this appeal against appellant, Dr. Dong Sheng Guo.

**SEPTEMBER 3, 2019 JUDGMENT AFFIRMED; MARCH 16, 2021 JUDGMENT AFFIRMED.**